```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                    :
JANE DOE (S.E.S., an individual)
                                    :

    v.                              :   Civil Action No. DKC 24-3776

                                    :
CHOICE HOTELS INTERNATIONAL,
INC., et al.                        :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action brought under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1581, *et seq.*, is the motion for leave to proceed under pseudonym filed by Plaintiff Jane Doe (S.E.S.) ("Plaintiff") (ECF No. 19). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.   Background**

Plaintiff, using the pseudonym "Jane Doe (S.E.S.)," filed this action against Defendants Choice Hotels International, Inc., Choice Hotels International Services Corp. (collectively "Choice"), and Phillip Hall Properties, L.L.C., d/b/a Quality Inn (collectively, "Defendants") on December 30, 2024 (ECF No. 1). On January 24, 2025, the court notified Plaintiff that she needed to file a motion to proceed anonymously and an unredacted complaint if she wanted to proceed under a pseudonym (ECF No. 4). Plaintiff

filed a motion for leave to proceed under a pseudonym on February 14, 2025 (ECF No. 5), with the unredacted complaint as an attachment, (ECF No. 5-1), and a motion to seal her motion for leave to proceed under a pseudonym on February 19, 2025 (ECF No. 7).[1] On April 11, 2025, the court issued a paperless notice informing Plaintiff that she may not file her motion to proceed under pseudonym under seal because pursuant to Local Rule 105.11 "[t]he Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties"  (ECF No. 17). Plaintiff filed a publicly available motion for leave to proceed anonymously under a pseudonym on April 15, 2025 (ECF No. 19),[2] and Choice Defendants responded on April 28, 2025 (ECF No. 22).

**II. Analysis**

    **A. Leave to Proceed Under Pseudonym**

The United States Court of Appeals for the Fourth Circuit has explained:

> Pursuant to Federal Rule of Civil Procedure 10(a), a civil complaint "must name all the parties." The rule recognizes "the general presumption of openness of judicial proceedings," which has a basis both in common

---

[1] Pursuant to Local Rule 105.11, the material was placed under seal temporarily pending a ruling on the motion to seal. Accordingly, ECF Nos. 5 and 5-1 remain under seal.

[2] Plaintiff's pending motion for leave to proceed under pseudonym (ECF No. 19) supersedes the motion to proceed under pseudonym improperly filed under seal (ECF No. 5).

2

> law and in the First Amendment. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Public Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014). We have explained that "[p]seudonymous litigation undermines the public's right of access to judicial proceedings" because "[t]he public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Public Citizen*, 749 F.3d at 274 (internal citations omitted).
>
> Nevertheless, district courts may, in their discretion, allow pseudonymous litigation because "privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation." *James*, 6 F.3d at 238 (emphasis supplied). To warrant this relief, the circumstances must be "exceptional." *Pub. Citizen*, 749 F.3d at 273.

*Doe v. Doe*, 85 F.4th 206, 210-11 (4th Cir. 2023). There are five nonexhaustive factors district courts consider in determining whether a party may proceed under a pseudonym:

> (1) [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe*, 85 F.4th at 211 (quoting *James*, 6 F.3d at 238) (internal quotation marks omitted).

The first factor requires that Plaintiff's request to proceed using a pseudonym be to "preserve privacy in a matter of sensitive and highly personal nature," not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. This factor is generally satisfied in cases involving sexual misconduct. *See Doe*, 85 F.4th at 212 (upholding the district court's decision to allow plaintiff to proceed under a pseudonym in a Tile IX case) (collecting cases); *see also B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020) (granting plaintiff's request to proceed under a pseudonym where she alleged she was the victim of sex trafficking); *H.G. v. Inter-Continental Hotels Corp.*, 489 F.Supp.3d 697, 713 (E.D. Mich. Sept. 23, 2020) ("Courts in cases that involve victims of sex traffickers routinely allow plaintiffs . . . to proceed under a pseudonym due to the sensitive and intimate nature of their allegations"). Plaintiff alleges incidents of ongoing sex-trafficking at a property controlled by Defendants. Plaintiff alleges Defendants "had both actual and constructive knowledge of the trafficking of [Plaintiff] . . . because the trafficking was the direct result of [Defendants] facilitating her trafficking." (ECF No. 1 ¶ 78). Accordingly, the first factor weighs heavily in favor of allowing Plaintiff to proceed under a pseudonym.

4

The second factor considers "whether identification poses a risk of retaliatory physical or mental harm" to the party seeking to proceed under a pseudonym. *James*, 6 F.3d at 238. Plaintiff contends that she fears retaliation "from her trafficker and those connected to him." (ECF No. 19, at 5). Plaintiff details the physical and emotional harm she suffered due to her trafficker, and she asserts her "only sense of security is that her trafficker does not know her legal name." (*Id.*, at 1). Given the inherently violent nature of sex trafficking, denying Plaintiff's motion could cause Plaintiff to face both physical and mental harm. The second factor weighs in favor of allowing Plaintiff to proceed under a pseudonym.

The third factor requires the court to consider "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238. Plaintiff is an adult but she "was a minor at the time she was trafficked." (ECF No. 19, at 5). Plaintiff argues that because of her age at the time she was trafficked, "this factor weighs in favor of protecting her identity, or at least is of a neutral weight in this test." (*Id.*). Generally, when the party seeking to proceed under a pseudonym is not a minor, courts find that the third factor weighs against allowing the requesting party to proceed under a pseudonym. *See Doe v. Anne Arundel Cnty.*, No. 1:23-cv-03451-JRR, 2024 WL 2053719, at *5 (May 8, 2024) (citing *Smith v. Towson Univ.*, No. 22-2998-JRR, 2022 WL

5

18142844, at *2 (D.Md. Nov. 30, 2022), *aff'd*, No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (finding that the third factor weighed against permitting the plaintiff to proceed by pseudonym where he was not a minor)). Because Plaintiff is not a minor, the third factor weighs against permitting Plaintiff to proceed under a pseudonym.

The fourth factor "considers whether Plaintiff's claims are against a governmental or private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously." *Doe v. 2 Unknown Emp[s] of Equal Emp. Opportunity Comm'n*, No. 18-930-DKC, 2018 WL 3159068, at *2 (June 28, 2018). "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cnty.*, 844 F.Supp.2d 724, 730 (W.D. Va. 2012). Plaintiff concedes that "[b]ecause all parties to this case are private individuals or entities, the fourth *James* factor does not weigh in her favor." (ECF No. 19, at 5). Accordingly, the fourth *James* factor does not weigh in favor of permitting Plaintiff to proceed under a pseudonym.

Finally, the fifth factor considers whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238. Plaintiff asserts she "is not seeking to withhold her identity from the Court or Defense Counsel, and therefore, Defendant[s'] ability to investigate and defend against Plaintiff's claims will not be prejudiced." (ECF No. 19, at 6). Choice Defendants filed a response in which they explain they do not "oppose Plaintiff proceeding via pseudonym [] in Court public filings through trial," but they ask that "the application of such confidentiality at trial be separately determined prior to the time of trial." (ECF No. 22, at 1).[3] It is not presently necessary to determine whether Plaintiff will be permitted to proceed under a pseudonym at trial because Plaintiff has not requested to do so.

Finally, allowing Plaintiff to proceed under a pseudonym is not unfair to Defendants, because Defendants will know Plaintiff's identity and they will be able to investigate fully and respond to Plaintiff's claims. *See Anne Arundel Cnty.*, 2024 WL 2053719, at

---

[3] Choice Defendants also request that the court order Plaintiff to "provide Choice with her true identity, any other names by which she has been known, her social security number, date of birth, address, the identity of her alleged trafficker(s), and any other names by which her alleged trafficker(s) have been known[.]" (ECF No. 22, at 1). Many of Choice Defendants' requests are more appropriately suited for discovery. The court will not order Plaintiff to provide any information at this time other than the Plaintiff's identity.

7

\*4; *see also Doe v. Alger*, 317 F.R.D. 37, at 41 (W.D.V.A., Mar. 31, 2016). Accordingly, the fifth factor weighs in favor of granting Plaintiff's motion.

Weighing all of the *James* factors, Plaintiff has sufficiently shown that she should be allowed to proceed under the pseudonym "Jane Doe (S.E.S.)." Defendants do not object, and the basis for anonymity is strong. Plaintiff's motion will be granted.

### B. Motion to Seal

Plaintiff's original motion for leave to proceed under a pseudonym (ECF No. 5), was filed with a copy of the unredacted complaint (ECF No. 5-1). The unredacted complaint should remain under seal and the motion to seal should be granted to that extent. The original motion for leave to proceed under a pseudonym was superseded by the later publicly filed motion and, thus, is no longer operative. Thus, it would serve no purpose to unseal it at this late date. Accordingly, the motion to seal (ECF No. 7), will be granted.

### III. Conclusion

For the foregoing reasons, both Plaintiff's motion for leave to proceed under pseudonym and Plaintiff's motion to seal her motion for leave will be granted. A separate order will follow.

                                                /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge